UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CONAGRA FOODS, INC., a Delaware corporation, <br><br> Defendant. | NO. <br><br> COMPLAINT TO COMPEL AUDIT |

I.

Plaintiff, Northwest Administrators, Inc., is an organization incorporated under the laws of the State of Washington, with its principal place of business in King County, and is the authorized administrative agency for and the assignee of the Western Conference of Teamsters Pension Trust Fund (hereinafter "Trust").

II.

The Western Conference of Teamsters Pension Trust Fund is an unincorporated association operating as a Trust Fund pursuant to Section 302 of the Labor Management Relations Act of 1947, as amended, to provide retirement benefits to eligible participants.

COMPLAINT TO COMPEL AUDIT - 1
G:\01-01999\515\Con Agra Foods 302855 etc. 6-1-11-\Complaint.doc

III.

This Court has jurisdiction over the subject matter of this action under Section 502(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132(e)(1) and (f) and under §301(a) of the Taft-Hartley Act, 29 U.S.C. §185(a).

IV.

Venue is proper in this District under Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), because the Plaintiff Trust Fund is administered in this District.

V.

Defendant is a Delaware corporation.

VI.

Defendant is bound to a collective bargaining agreement with Local 948 of the International Brotherhood of Teamsters (hereinafter "Local"), under which the Defendant is required to promptly and fully report for and pay monthly contributions to the Trust at specific rates for each hour of compensation (including vacations, holidays, overtime and sick leave) said Defendant pays to its employees who are members of the bargaining unit represented by the Local (such bargaining unit members are any of the Defendant's part time or full time employees who perform any work task covered by the Defendant's labor contract with the Local, whether or not those employees ever actually join the Local).

VII.

COMPLAINT TO COMPEL AUDIT - 2
G:\01-01999\515\Con Agra Foods 302855 etc. 6-1-11-\Complaint.doc

Defendant accepted the Trust's Agreement & Declaration Agreement ("Trust Agreement") which provides in part:

> Each Employer shall promptly furnish to the Trustees or their authorized representatives on demand any and all records of his past or present Employees concerning the classification of such Employees, their names, Social Security numbers, amount of wages paid and hours worked or paid for, and any other payroll records and information the Trustees may require in connection with the administration of the Trust Fund, and for no other purpose. The Trustees or their authorized representatives may examine any books and records of each employer, which the Employer is required to furnish to the Trustees on demand whenever such examination is deemed necessary or desirable by the Trustees in the proper administration of the Trust. If it becomes necessary for the trustees to retain legal counsel to compel an Employer to furnish to, or permit the examination of books, or records or information by, the Trustees or their representatives, the Employer shall reimburse the Trust fund for all reasonable attorney's fees and court costs incurred by the Trust Fund in connection therewith, whether or not legal proceedings were instituted and whether or not such examination disclosed that the Employer has failed to make appropriate or timely Employer Contributions to the Trust Fund.

## VIII.

The Trustees of the Western Conference of Teamsters Pension Trust deem it both necessary and advisable to the proper administration of the Trust that their authorized representatives examine the Defendant's books and records for the inclusive period June 1, 2011 through the Present Date to determine if the Defendant previously reported for and paid to the Trust all of the amounts due for

COMPLAINT TO COMPEL AUDIT - 3
G:\01-01999\515\Con Agra Foods 302855 etc. 6-1-11-\Complaint.doc

the Defendant's employment of members of the bargaining unit represented by the Trust for said period.

IX.

Despite notification to the Defendant of the Trustees' desire to conduct an audit for the period June 1, 2011 through the Present Date, and demands made upon the Defendant on the Trust's behalf for access to Defendant's records for an examination of them for that period, to date the Defendant has failed and refused to make its records available for the thorough examination the Trustees deem necessary and advisable to the proper administration of the Trust.

WHEREFORE, plaintiff, on the Trust's behalf, prays the court as follows:

1.  That the Court enter an Order Compelling Audit under which Defendant shall be directed by the Court, within a specified time, to make available to the authorized representatives of the Trustees of the Trust for the period June 1, 2011 through the Present Date:

   a. Individual payroll records for all employees;

   b. Employee roster listing all employees, with hire or position date changes;

   c. State of California Quarterly Wage and Withholding Reports (DE6/DE9) – **or** – State Employer Security Reports;

   d. State Industrial Insurance or Comparable Reports;

   e. Quarterly FICA and Federal Income Tax Reports (941/941A);

   f. Annual Federal Unemployment Reports (FUTA 940);

COMPLAINT TO COMPEL AUDIT - 4
G:\01-01999\515\Con Agra Foods 302855 etc. 6-1-11-\Complaint.doc

Reid, McCarthy, Ballew & Leahy, L.L.P.
ATTORNEYS AT LAW
100 WEST HARRISON STREET • NORTH TOWER, SUITE 300
SEATTLE, WASHINGTON 98119
TELEPHONE: (206) 285-0464 • FAX: (206) 285-8925

      g.    Labor Contracts – plus any addendums or supplements, if applicable; and

      h.    Payroll or accounts payable records for temporary agency personnel.

2.    Afford to the authorized representatives of the Trustees of the Trust both ample time and opportunity to examine all such materials of Defendant at such time and at such place as shall be convenient to the Trustees' authorized representatives.

3.    For judgment against the Defendant for:

      A.    All of the Plaintiff's attorney's fees incurred in gaining auditor access to Defendant's records;

      B.    All of the Plaintiff's costs incurred in gaining auditor access to defendant's records, and

      C.    For such other and further relief as the Court may deem just and equitable.

DATED this 17th day of November 2015.

REID, McCARTHY, BALLEW & LEAHY, L.L.P.

_____
Russell J. Reid, WSBA #2560
Attorney for Plaintiff

COMPLAINT TO COMPEL AUDIT - 5
G:\01-01999\515\Con Agra Foods 302855 etc. 6-1-11-\Complaint.doc

Reid, McCarthy, Ballew & Leahy, L.L.P.
ATTORNEYS AT LAW
100 WEST HARRISON STREET • NORTH TOWER, SUITE 300
SEATTLE, WASHINGTON 98119
TELEPHONE: (206) 285-0464 • FAX: (206) 285-8925